**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Enrique Montano, | ) | Chapter 7 |
| Debtor, | ) | |
| | ) | No. 25-11680 |
| And | ) | |
| | ) | |
| Jorge Alejandro Rojas. | ) | Adversary: 25-00328 |
| | ) | |
| Plaintiff, | ) | Honorable: Deborah L. Thorne |
| v. | ) | |
| Enrique Montano, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT

NOW COMES the Defendant, Enrique Montano (herein referred to as "Defendant"), by and through his Attorney, Manuel A. Cardenas & Associates P.C., and responds to Jorge Alejandro Rojas' allegations as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this action to obtain a judgment declaring that the debt of at least $40,431.10 Enrique Montano owes to Plaintiff is non-dischargeable because it resulted from defalcation, embezzlement, larceny, fraud, and/or willful and malicious injury to Plaintiff.

   **Defendant denies.**

2. In sum, Enrique Montano Sr, the debtor's father, represented to Plaintiff that he was a licensed public adjuster in the course of adjusting a property loss claim for Plaintiff. Enrique Montano Sr was not a licensed adjuster, but was in fact using Enrique Montano Jr's (the debtor here) public adjusting license fraudulently. Enrique Montano Sr held himself out to Plaintiff, Plaintiff's mortgage note holder, Plaintiff's insurance

---

[1] Plaintiff includes an alias of Enrique Montano Jr, because his father, Enrique Montano aka Enrique Montano Sr, is involved in the underlying judgment whose discharge is being objected to. References to Enrique Montano are that of the debtor.

1

company, and others, as a licensed adjuster, when he was in fact not. Enrique Montano Jr was part of this conspiracy and fraudulent scheme, and knew his father was using his license for this illegal purpose. Enrique Montano Jr retained money rightfully belonging to Plaintiff and had no intent to provide it to Plaintiff. Enrique Montano Jr continues to do so to this day. Enrique Montano Jr also wrote Plaintiff a fraudulent check. Plaintiff subsequently sued parties including Enrique Montano Jr concerning this fraudulent scheme in the U.S. District Court for the Northern District of Illinois, under 18 U.S.C. § 1962, and a judgment was entered against Enrique Montano Jr for violations of RICO.

**Defendant admits that Plaintiff filed a lawsuit against him but denies the allegations that he and Enrique Montano Sr were involved in a conspiracy scheme together. Further denies knowledge that checks were fraudulent.**

## JURISIDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1134, and 11 U.S.C. §§ 523, 727.

   **Defendant admits.**

4. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1409(a).

   **Defendant admits.**

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I), (J). To the extent that this Complaint asserts claims that are not core proceedings, Plaintiff consents to this Court hearing and determining such matters pursuant to 28 U.S.C. § 157(c)(2).

   **Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

## PARTIES

6. Plaintiff is an individual person within the State of Illinois and resides at 557 Cambridge Way Bolingbrook, IL 60440.

   **Defendant does not know the address of Plaintiff and therefore cannot admit or deny.**

7. Enrique Montano aka Enrique Montano Jr, is an individual residing at 640A Rance Rd Oswego, IL 60543.
   **Defendant admits.**

## FACTS

8. On July 31, 2025, the above-named debtor, Enrique Montano, has filed with the Court a petition under Chapter 7 of the Bankruptcy Code, Case No. 25-11680.
   **Defendant admits.**

9. The first date set for the § 341(a) meeting of creditors was August 27, 2025. In re: Enrique Montano, Dkt. 5.
   **Defendant admits.**

10. The meeting of creditors has been continued four (4) times.
    **Defendant admits.**

11. The deadline for objecting to discharge is October 27, 2025.
    **Defendant admits.**

12. This action is commenced within the sixty (60) days of the first date set for the meeting of creditors as prescribed by the Bankruptcy Code.
    **Defendant admits.**

13. Plaintiff is a creditor of the debtor having a claim totaling at least $40,431.10.
    **Defendant denies.**

14. On August 23, 2024, Plaintiff filed a lawsuit against several defendants, including the debtor seeking relief, for violations of the RICO Act, 18 U.S.C. § 1962.
    **Defendant neither admits nor denies. Defendant does not have enough information and does not know the filing date, therefore must deny. Defendant did not receive notice of lawsuit.**

15. On December 20, 2024, judgment was entered against defendants, including the debtor, for the wire fraud violations under RICO.
    **Defendant denies. Defendant does not have enough information and does not know the filing date, therefore must deny.**

16. The original judgment amount was $40,172.48.

3

**Defendant does not have enough information, therefore cannot admit or deny.**

17. The approved taxed costs of the lawsuit, as of this filing, are $1,459.60.

    **Defendant does not have enough information, therefore cannot admit or deny.**

18. To date, $2,631.48 has been paid towards satisfaction of the judgment.

    **Defendant admits.**

19. The judgment accrues post judgment interest.

    **Defendant does not have enough information, therefore cannot admit or deny.**

20. The RICO action alleged debtor committed wire fraud against the Plaintiff. Specifically, debtor, allowed his father, also named Enrique Montano, to use his public adjuster's license and adjust property claims throughout Chicagoland, including a claim for Plaintiff.

    **Defendant denies.**

21. There are numerous reports online of Enrique Montano's fraudulent scheme where he has performed these frauds in concert with his father against others. Unfortunately, Plaintiff did not see these reports prior to retaining Enrique Montano to adjust his home insurance property damage claim.

    **Defendant denies.**

22. The RICO action further alleged that debtor unlawfully retained money owed to Plaintiff and ultimately wrote a bad check to Plaintiff as an intentional fraud.

    **Defendant denies.**

23. The RICO action alleges that debtor, along with the other defendants in the RICO action, engaged in a fraud against homeowners across this District. Besides misrepresenting their status as public adjusters, they would also take money from the insurance company and not pay the homeowner the amounts they were entitled to.

    **Defendant denies.**

24. The actions of Enrique Montano Jr qualify under the "willful and malicious injury" discharge exception under 11 U.S.C. § 523(a)(6).

    **Defendant denies.**

25. Enrique Montano's actions, as alleged in the RICO suit, in which full liability was ultimately determined, demonstrated intent to injure the creditor and Plaintiff.

**Defendant denies.**

26. Enrique Montano's intentional and deliberate actions of wire fraud as alleged in the RICO suit, in which full liability was ultimately determined, constituted willful and malicious injury.

    **Defendant denies.**

27. The RICO judgment is also not subject to discharge based on 11 U.S.C. § 523(a)(2)(A).

    **Defendant neither admits nor denies.**

28. 11 U.S.C. § 523(a)(2)(A) excepts debts for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by... actual fraud."

    **Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

29. Enrique Montano engaged in fraudulent conduct against Plaintiff.

    **Defendant denies.**

30. Enrique Montano engaged in actual fraud against Plaintiff and obtained money properly belonging to Plaintiff via actual fraud.

    **Defendant denies.**

31. The actions of Enrique Montano qualify under the "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" discharge exception under 11 U.S.C. § 523(a)(4).

    **Defendant denies.**

32. Enrique Montano was acting in a fiduciary capacity while purportedly acting as Plaintiff's public adjuster in connection with a home insurance claim.

    **Defendant denies.**

33. Enrique Montano knowingly retained money belonging to Plaintiff with no intent to return it and ultimately has not returned it despite the RICO action.

    **Defendant denies.**

34. Enrique Montano has conducted his fraudulent scheme across Chicagoland for years, in concert with his father and their interconnected web of corporate entities that open and shut.

5

**Defendant denies.**

35. Records obtained as part of post-judgment discovery in the RICO action Plaintiff brought against Enrique Montano reveal that Enrique Montano has a pattern and practice of writing dozens, if not hundreds, of bad checks to individual, including to those individuals who rely on him the most, for property claim adjustment services.

    **Defendant denies.**

36. Plaintiff seeks to have the debt from the lawsuit which has been reduced to a judgment, deemed non-dischargeable.

    **Defendant neither admits nor denies. Plaintiff is stating a prayer for relief.**

37. Plaintiff believes that Enrique Montano's petition includes several fraudulent statements which are an independent basis to deny discharge as they are knowingly and fraudulently made.

    **Defendant denies.**

38. Among the fraudulent statements that Plaintiff believes are false are that he does not rent a residence, but rent and associated utility expenses are listed.

    **Defendant denies.**

39. Enrique Montano testified during a citation proceeding shortly before seeking bankruptcy relief that he did not pay rent and does not pay utilities.

    **Defendant admits. At the time of testimony, defendant was not paying rent and utilities. After testimony was given, defendant's father was deported and defendant must now contribute to household expenses.**

40. Enrique Montano lists lawsuits by Collection Professionals Inc, Dickinson, Envios Sin Frontera, in his petition, but during the citation conducted shortly prior to seeking relief, stated that he has had no other lawsuits against him.

    **Defendant denies. Defendant stated that he was unaware of any pending lawsuits at the time of testimony.**

41. The Dickinson lawsuit disclosed, 2025SC001117 in Kendall County, is also against ABC Roofing Co, which is his father, Montano Sr's company, not Enrique Montano Jr. Montano Jr testified that ABC Roofing is his father's company in the citation hearing.

6

**Defendant admits. ABC Roofing is owned by Enrique Montano Sr. Due to defendant and his father having the same name, all lawsuits against Enrique Montano were listed in the bankruptcy to protect defendant from allegations intended for his father.**

42. Plaintiff believes Enrique Montano is seeking to claim discharge for some actions that are against his father.

    **Defendant denies. Due to defendant and his father having the same name, all lawsuits against Enrique Montano were listed in the bankruptcy to protect defendant from allegations intended for his father.**

43. Enrique Montano's petition claims one dependent, 10 years old, but on the citation to discover assets in connection with the RICO case, Montano stated he has zero dependents, and copies of purported tax returns also identified no dependents.

    **Defendant admits. At the time of testimony, defendant did not have any dependents. After testimony was given, defendant's father was deported and defendant must now provide significant financial support for his 10-year-old brother.**

44. Enrique Montano's petition lists no business income for the last two (2) calendar years, but is as a public adjuster that includes a commission requirement in his contract. Enrique Montano owns and operates Montanos Adjusting Services Inc. Business records obtained from discovery identify that there are in and out transactions from that company.

    **Defendant admits.**

45. Enrique Montano's petition lists that there are no gifts over $600, but during the citation proceedings in the RICO action, he testified that there were Lululemon purchases as gifts to his girlfriend that totaled over $700, along with many Venmo money transactions to his girlfriend, and other cash withdrawals.

    **Defendant denies. Defendant loaned the money but was paid back.**

46. Enrique Montana's petition lists no losses to gambling, but there are gambling transactions on his card statements.

    **Defendant admits. Defendant has no gambling losses**

47. Enrique Montano's petition does not list accounts such as Robinhood, which

Enrique Montano testified during the citation proceedings that he has.

**Defendant admits. At the time of filing the account had less than $1.00.**

48. Enrique Montano's bankruptcy filing is not a legitimate attempt by the Defendant to obtain a fresh start by bankruptcy law, but instead Defendant's continuing attempt to defraud Plaintiff and other creditors, from pursuing their claims in federal and state court that would disclose the full extent to which Defendant profited, earned compensation, and defrauded creditors of assets that did not belong to him.

**Defendant denies.**

## COUNT I - EXCEPTION TO DISCHARGE - DEFALCATION UNDER 11 U.S.C. §523(a)(4)

49. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.

**Defendant restates and realleges all answers contained in paragraphs 1-48.**

50. Under 11 U.S.C. § 523(a)(4), a debt is not dischargeable when such debt is a result of "fraud or defalcation while acting in a fiduciary capacity."

**Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

51. Enrique Montano acted as a fiduciary to Plaintiff in the course of being a public adjuster and purportedly adjusting a property loss claim for Plaintiff's home.

**Defendant denies.**

52. Plaintiff placed special trust and confidence in Enrique Montano as his public adjuster and Enrique Montano accepted Plaintiffs trust and confidence.

**Defendant denies.**

53. Enrique Montano owed a fiduciary duty of loyalty to Plaintiff as his licensed public adjuster.

**Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

54. Enrique Montano committed defalcation while acting in his capacity as a fiduciary to Plaintiff including by retaining money belonging to Plaintiff, transferring the money to himself for his own use and benefit to generate income and a profit for himself and others, allowing others to utilize Enrique Montano's public adjuster's

8

license, exercising unauthorized and wrongful assumption of ownership over Plaintiffs property, and more.

**Defendant denies.**

55. As a direct and proximate result of Enrique Montano's defalcation, Plaintiff was damaged in the amount of at least $40,431.10.

**Defendant denies.**

WHEREFORE, Defendant, Enrique Montano, prays for the entry of an order of:

    A. Dismissal of count I.

    B. Dismissal of the complaint against him.

    C. Discharge of his debts under the bankruptcy code.

    D. An award of attorney fees for having to defend such false claims against him.

    E. For cost of the defense of this frivolous suit herein incurred.

    F. For any and all other relief this Court deems just and proper.

## COUNT II - EXCEPTION TO DISCHARGE – EMBEZZLEMENT UNDER 11 U.S.C. §523(a)(4)

56. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.

**Defendant restates and realleges all answers contained in paragraphs 1-48.**

57. Under 11 U.S.C. § 523(a)(4), a debt is not dischargeable when such debt results from embezzlement, which is defined as fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it has lawfully come.

**Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

58. Enrique Montano appropriated money belonging to Plaintiff by depositing it into his bank account(s).

**Defendant denies.**

59. Enrique Montano was entrusted with access to this money for the purpose of adjusting Plaintiffs home insurance claim.

9

**Defendant denies.**

60. Enrique Montano fraudulently appropriated this money for his own benefit for purposes other than adjusting Plaintiff's home insurance claim.

    **Defendant denies.**

61. Enrique Montano did not return Plaintiff's money under the terms of the public adjustment agreement.

    **Defendant denies.**

62. Enrique Montano had no intent to return any of Plaintiffs money.

    **Defendant denies.**

63. Ultimately, Enrique Montano provided Plaintiff a fraudulent check because of insufficient funds, knowing that the check did not have sufficient funds, for some of the funds owed to Plaintiff.

    **Defendant denies.**

64. Enrique Montano had knowledge that his access to Plaintiff's money was devoid of authorization to do with it what he did from Plaintiff.

    **Defendant denies.**

65. As a result of Enrique Montano's misappropriation of Plaintiff's money, Plaintiff was damaged in the amount of at least $40,431.10.

    **Defendant denies.**

    WHEREFORE, Defendant, Enrique Montano, prays for the entry of an order of:

    A. Dismissal of count II.

    B. Dismissal of the complaint against him.

    C. Discharge of his debts under the bankruptcy code.

    D. An award of attorney fees for having to defend such false claims against him.

    E. For cost of the defense of this frivolous suit herein incurred.

    F. For any and all other relief this Court deems just and proper.

### COUNT III - EXCEPTION TO DISCHARGE- LARCENY UNDER 11 U.S.C. § 523(a)(4)

66. Plaintiff restates, realleges, and incorporates by reference its allegations contained

in paragraphs 1-48 as though fully set forth herein.

**Defendant restates and realleges all answers contained in paragraphs 1-48.**

67. Under 11 U.S.C. § 523(a)(4), a debt is not dischargeable when such debt results of larceny, which entails a wrongful taking of property from its rightful owner with fraudulent intent to convert such property to one's own use without the owner's consent.

    **Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

68. Enrique Montano wrongfully took Plaintiffs money without Plaintiff's knowledge or consent.

    **Defendant denies.**

69. Enrique Montano took Plaintiff's money with fraudulent intent to convert them to his own use along with his father.

    **Defendant denies.**

70. As a result of Enrique Montano's wrongful taking of Plaintiff's property, Plaintiff was damaged in the amount of at least $40,431.10.

    **Defendant denies.**

    WHEREFORE, Defendant, Enrique Montano, prays for the entry of an order of:

    A. Dismissal of count III.

    B. Dismissal of the complaint against him.

    C. Discharge of his debts under the bankruptcy code.

    D. An award of attorney fees for having to defend such false claims against him.

    E. For cost of the defense of this frivolous suit herein incurred.

    F. For any and all other relief this Court deems just and proper.

## COUNT IV - EXCEPTION TO DISCHARGE- WILLFUL AND MALICIOUSINJIRY TO ANOTHER ENTITY AND ITS PROPERTY UNDER 11 U.S.C. § 523(n)(6)

71. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.

    **Defendant restates and realleges all answers contained in paragraphs 1-48.**

72. Under 11 U.S.C § 523(a)(6), a debt is not dischargeable when such debt is a result of "willful and malicious injury by the debtor to another entity or to the property of another entity."

    **Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

73. Enrique Montano deliberately and intentionally injured Plaintiff by transferring Plaintiffs property to himself and his corporate entity of Montano's Adjusting Services Inc, using that money and property for his own benefit to develop business and profits, or for other unlawful purpose, and foiling to provide the property rightfully belonging to Plaintiff back to Plaintiff.

    **Defendant denies.**

74. Enrique Montano retained Plaintiffs money and performed the willful and malicious injury with conscious disregard of his obligations under Illinois law and the terms of the public adjuster's agreement and fiduciary duty owed to Plaintiff without just cause or excuse.

    **Defendant denies.**

75. Enrique Montano's willful actions against Plaintiff injured Plaintiff.

    **Defendant denies.**

76. As a result of Enrique Montano 's willful and malicious injury against Plaintiff, Plaintiff was damaged in the amount of at least $40,431.10.

    **Defendant denies.**

77. Based upon the foregoing, Enrique Montano willfully injured Plaintiff within the meaning of 11 U.S.C. § 523(a)(6), and his indebtedness, within the meaning of 11 U.S.C. § 523(a)(6), and his indebtedness, therefore, is non-dischargeable.

    **Defendant denies.**

    WHEREFORE, Defendant, Enrique Montano, prays for the entry of an order of:

    A. Dismissal of count IV.

    B. Dismissal of the complaint against him.

    C. Discharge of his debts under the bankruptcy code.

    D. An award of attorney fees for having to defend such false claims against him.

E. For cost of the defense of this frivolous suit herein incurred.

F. For any and all other relief this Court deems just and proper.

## COUNT V - EXCEPTION TO DISCHARGE-FALSE PRETENSES, FALSE REPRESENTATJON, ACTUAL FRAUD UNDER 11 U.S.C. § 523(a)(2)(A)

78. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.

    **Defendant restates and realleges all answers contained in paragraphs 1-48.**

79. Under 11 U.S.C. § 523(a)(2)(A), a debt is not dischargeable when such debt is a result of "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

    **Defendant neither admits nor denies.**

80. Enrique Montano's debt to Plaintiff is a result of false pretenses, false representations, and actual fraud.

    **Defendant denies.**

81. Enrique Montano allowed his father to represent himself to be a public adjuster, using his own license, when he wasn't allowed to do so.

    **Defendant denies.**

82. Enrique Montano committed actual fraud to Plaintiff when he wrote a bad check to Plaintiff that had insufficient funds.

    **Defendant denies.**

83. Enrique Montano committed a false representation to Plaintiff when he wrote a bad check to Plaintiff that had insufficient funds.

    **Defendant denies.**

84. Enrique Montano committed actual fraud, false pretenses, and false representations by holding himself out as a public adjuster to Plaintiff, Plaintiff's mortgage note holder, and Plaintiff's insurance company, claiming that he was a public adjuster and adjusting a particular claim, when he was indeed not.

    **Defendant denies.**

85. Enrique Montano's willful actions against Plaintiff injured Plaintiff.

    **Defendant denies.**

86. Enrique Montano's actions were the subject of the RICO lawsuit Plaintiff filed against Enrique Montano, his father, and Enrique Montano's company Montano's Adjusting Services.

    **Defendant denies.**

87. The RICO lawsuit has been reduced to a judgment.

    **Defendant admits.**

88. As a result of Enrique Montano's false pretenses, false representations, and actual fraud, Plaintiff was damaged in the amount of at least $40,431.10.

    **Defendant denies.**

89. Based upon the foregoing, Enrique Montano made false pretenses, false representations, and actual fraud, and under 11 U.S.C. § 523(a)(2)(A), and his indebtedness, therefore, is non-dischargeable.

    **Defendant denies. The statement calls for a conclusion.**

    WHEREFORE, Defendant, Enrique Montano, prays for the entry of an order of:

    A. Dismissal of count V.

    B. Dismissal of the complaint against him.

    C. Discharge of his debts under the bankruptcy code.

    D. An award of attorney fees for having to defend such false claims against him.

    E. For cost of the defense of this frivolous suit herein incurred.

    F. For any and all other relief this Court deems just and proper.

### COUNT VI - OBJECTION TO DISCHARGE - 11 U.S.C. § 727(c)

90. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.

    **Defendant restates and realleges all answers contained in paragraphs 1-48.**

91. 11 U.S.C. § 727(c) allows a creditor to object to a discharge for a reason under 11 U.S.C. § 727(a).

    **Defendant neither admits nor denies. The plaintiff is making a statement of the law.**

92. Plaintiff objects to the discharge under 11 U.S.C. § 727(a)(2) for reasons

including that Enrique Montano has transferred money to other individuals that are not listed on the petition, for purposes of hindering, delaying, or defrauding a creditor or an officer of the estate.

**Defendant denies.**

93. Specifically, but not limited to, Enrique Montano has testified in citation to discover assets in the RICO judgment that he has transferred money to his mother, and that he has also purchased gifts for his girlfriend and transferred money to her. Plaintiff believes this is with the intent to defraud for reasons including that he did not list these events in his petition.

    **Defendant denies.**

94. Enrique Montano is also claiming he has dependents when he recently claimed in the citation to discover assets in the RICO action he does not.

    **Defendant admits. At the time of the citation to discover assets, defendant did not have any dependents. After the citation to discover assets was completed, defendant's father was deported and defendant must now provide significant financial support for his 10-year-old brother.**

95. Enrique Montano is listing debts owed by his father to other individuals.

    **Defendant denies.**

96. Plaintiff also objects to the discharge under 11 U.S.C. § 727(a)(4), specifically making false statements.

    **Defendant denies.**

97. The basis for this objection is that Enrique Montano's statements in the bankruptcy petition do not align with statements made in the citation to discover asset proceedings, including listing debts that weren't listed in the past, claiming dependents that weren't claimed in the past, and that rent is being paid when statements were recently made that there are no rent payments.

    **Defendant denies. Defendant admits that at the time of citation to discover assets, defendant did not have a dependent or pay rent. After the citation to discover assets was completed, defendant's father was deported and defendant must now pay rent and provide significant financial support for his 10-year-old brother.**

98. Enrique Montano has testified that as a public adjuster he had several additional open contracts and representation agreements with individuals. Those individuals haven't been listed on the bankruptcy petition, and Montano likely owes those individuals money.
**Defendant denies.**

99. Enrique Montano's father, Enrique Montano Sr, in a prior bankruptcy filing (20-14690) listed $286,124.28 in unsecured debt which included "individuals who gave the Debtor deposits for roofing services that have not been completed." Dkt. 40. Plaintiff believes a similar situation is occurring here with Montano Jr. Ultimately in the Montano Sr case, discharge was denied, and a one year bar to filing was imposed. Enrique Montano Sr has since gone to prison for homeowners fraud, and was subsequently deported.
**Defendant objects to statement as irrelevant.**

100. Discovery in the RICO action post judgment has identified many fraudulent checks written by Enrique Montano to third parties that may have debts owed to them by Enrique Montano which have not been disclosed.
**Defendant denies**

101. Plaintiff, a party in interest, requests the Court order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.
**Defendant objects to statement as it is a prayer for relief.**

WHEREFORE, Defendant, Enrique Montano, prays for the entry of an order of:

A. Dismissal of count VI.

B. Dismissal of the complaint against him.

C. Discharge of his debts under the bankruptcy code.

D. An award of attorney fees for having to defend such false claims against him.

E. For cost of the defense of this frivolous suit herein incurred.

F. For any and all other relief this Court deems just and proper.

                                              Respectfully submitted,
                                              Enrique Montano


                                              By: **Manuel A. Cardenas & Associates**

                                              <u>/s/ Manuel A. Cardenas</u>
                                               One of Defendant's attorneys

Manuel A. Cardenas & Assocs.

Manuel A. Cardenas
2059 North Western Avenue
Chicago, Illinois 60647
773-227-6858
manuel@manuelcardenas.law